**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRANCE JON IRBY,

        Plaintiff - Appellant,

  v.

STEVE SINCLAIR; et al.,

        Defendants - Appellees.

No. 10-35959

D.C. No. 2:10-cv-05053-LRS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Terrance Jon Irby, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging numerous

constitutional violations in connection with disciplinary sanctions. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). We may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam). We affirm.

Dismissal of the Eighth Amendment claims, including those that arose after Irby commenced the action on May 13, 2010, was proper because Irby failed to allege that defendants knowingly and unreasonably disregarded an objectively intolerable risk of harm by denying his requests to be placed in a single cell. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994).

The district court properly dismissed all of the due process claims relating to Irby's confinement in administrative segregation because, absent an allegation of atypical and significant hardship, such confinement does not implicate a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty interest arises only when a restraint exceeds an inmate's sentence in "an unexpected manner" or imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A]dministrative segregation falls within the terms of confinement ordinarily contemplated by a sentence.").

The district court properly dismissed all of the retaliation claims because Irby's conclusory allegations fail to state a claim for retaliation. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (prisoner must establish link between exercise of constitutional rights and allegedly retaliatory action); *see also Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) (explaining that "conclusory allegations of law and unwarranted inferences are insufficient" to avoid dismissal).

Irby's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**